IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

F I L E D
OCT 28 2011
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| ROBERT O. TYLER, Trustee, | ) |
| Appellant, | ) |
| | ) CASE NO. 1:11-cv-165 |
| v. | ) |
| OWNIT MORTGAGE LOAN TRUST, SERIES 2006-3, *et al.*, | ) |
| Appellee. | ) |

## MEMORANDUM OPINION

THIS MATTER is before the Court on appeals from the United States Bankruptcy Court for the Eastern District of Virginia. (Dkt. Nos. 1 & 2.) This case concerns Appellant Robert O. Tyler's ("Tyler") attempt, as Trustee of Debtors' bankruptcy estate, to recover property sold at a foreclosure sale prior to Debtors' bankruptcy filing date.

There are two issues before the Court. The first issue is whether the Bankruptcy Court erred in holding that Tyler could not invoke strong-arm avoidance powers granted to him under 11 U.S.C. § 544(a)(1) to avoid the conveyance of Debtors' property recorded prior to the commencement of Debtors' bankruptcy proceedings when Tyler argues that the original deed of trust was void under Virginia law because it was not properly acknowledged. The second issue is whether the Court should grant Ownit Mortgage Loan Trust's ("Ownit") Cross Appeal when it argues that, although the Bankruptcy Court held in its favor, the Bankruptcy Court nonetheless erred in finding the underlying deed of trust void under Virginia law.

The Court affirms the Bankruptcy Court because, under Virginia law, the acknowledgment defect remained valid between the parties, and thus title was properly conveyed

by the parties following the foreclosure sale. As a result, Debtors were divested of any property interest upon which Tyler, as Trustee and a hypothetical lien creditor, could have attached a lien on the date Debtors' bankruptcy proceedings commenced, thus defeating Tyler's strong-arm avoidance powers. Further, the Court dismisses Ownit's Cross Appeal because Ownit lacks standing to appeal because it is not aggrieved by the Bankruptcy Court's final judgment.

## I. BACKGROUND

The facts of the case are set forth in detail in the Bankruptcy Courts' two prior decisions. *Tyler (In re Carrillo) v. Ownit Mortg. Loan Trust, Series 2006-3*, No. 09-1018, 2010 WL 4923848 (Bankr. E.D. Va. Nov. 29, 2010); *Tyler (In re Carrillo) v. Ownit Mortg. Loan Trust, Series 2006-3*, 431 B.R. 692 (Bankr. E.D. Va. 2010). The facts relevant to this appeal are as follows. Elizabeth Ann Carrillo and Fernando Alex Carrillo (collectively, "Debtors") purchased a condominium in January 2006, securing a $247,000 loan from Ownit. *In re Carrillo*, 431 B.R. at 695. The notary defectively acknowledged the deed of trust, denoting his title as "Managing Member," rather than as "Notary." *Id.* Despite this error, the deed of trust was recorded in the Clerk's Office of the Circuit Court of Fairfax County, Virginia. *Id.*

Debtors eventually defaulted on the loan and Specialized Incorporated of Virginia ("Specialized") was appointed as a substitute trustee under the deed of trust. *Id.* A foreclosure sale occurred on February 1, 2008, at which time Debtors' property was sold to LaSalle Bank National Association ("LaSalle"), as Trustee for Ownit. *Id.* at 696. A foreclosure deed was executed following the foreclosure sale from Specialized to LaSalle and recorded on April 1, 2008. *Id.* On May 12, 2008, forty-one days later, Debtors filed for relief under Chapter 7 of the Bankruptcy Code in the Eastern District of Virginia. *Id.* The following day, the Ponds at Centreville Unit Owners Association recorded a lien for unpaid condominium fees. *Id.* Robert

Tyler was appointed as Trustee of Debtors' bankruptcy estate. *Id.* Included in their statement of financial affairs, Debtors reported the foreclosure of the property sold at the February 1, 2008 foreclosure sale. *Id.*

In January 2009, Tyler filed an adversary proceeding in the Bankruptcy Court, seeking to avoid the conveyance of Debtors' property pursuant to the "strong-arm" powers granted to him under § 544(a) of the Bankruptcy Code. *Id.* Specifically, Tyler sought to invoke his strong-arm powers as a hypothetical lien creditor to secure the property interest for the bankruptcy estate on behalf of future creditors who may have an interest in the estate. *Id.* A bench trial was held before the Bankruptcy Court. *Id.* Tyler argued that the original deed of trust between Debtors and Ownit was void under Virginia law because it was not properly acknowledged. *Id.* In its January 15, 2010 Memorandum Opinion, the Bankruptcy Court held that, although the deed of trust was defective, Virginia's curative statutes applied, and thus the defective deed provided sufficient constructive notice to defeat Tyler's strong-arm avoidance claim as a hypothetical lien creditor. *Id.* at 701. Upon Tyler's Motion to Alter or Amend the Judgment, the Bankruptcy Court corrected its application of Virginia's curative statutes but maintained its original holding that Debtors' foreclosure deed was validly recorded prior to the Debtors' bankruptcy filing date, and as a result, Tyler could not avoid the conveyance. *In re Carrillo*, 2010 WL 4923848, at *4.

On February 18, 2011, Tyler filed his Notice of Appeal in this Court, arguing that the Bankruptcy Court erred in holding that title to Debtors' property was properly conveyed following the foreclosure sale, such that Tyler could not attach a lien as a hypothetical lien creditor and Trustee of Debtors' bankruptcy estate. (Dkt. No. 1.) The same day, Appellee filed its Cross Appeal in this Court, arguing that the Bankruptcy Court erred by finding the original

deed of trust void because of its acknowledgement defect, despite the Bankruptcy Court entering judgment in its favor. (Dkt. No. 2.) Both appeals are now before this Court for review.

## II. STANDARD OF REVIEW

Section 158 of Title 28 of the United States Code grants district courts jurisdiction to hear appeals "from final judgments, orders, and decrees" of bankruptcy courts. 28 U.S.C. § 158(a)(1) (2006). A district court reviews a bankruptcy court's conclusions of law *de novo*. *Devan (In re Merry-Go-Round Enters., Inc.) v. Phoenix Am. Life Ins. Co.*, 400 F.3d 219, 224 (4th Cir. 2005). Findings of fact are reviewed for clear error. *Id.*

## III. ANALYSIS

### A. Tyler's Appeal

The Court affirms the Bankruptcy Court's holding that Tyler's strong-arm powers were defeated by recordation of the foreclosure deed prior to the Debtors' bankruptcy filing date.

The filing of a petition for relief in a bankruptcy court creates an "estate," 11 U.S.C. § 541(a), comprising of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The bankruptcy estate contains property that is subject to the jurisdiction of the bankruptcy court, *see* 28 U.S.C. § 1334(e) (2006), and a trustee is appointed as representative of the bankruptcy estate. *See* 11 U.S.C. § 323(a). Among the abilities of the trustee are the trustee's "strong-arm" avoidance powers, which enables the trustee to set-aside or recover unsecured property interests and unrecorded conveyances for the benefit of hypothetical lien creditors who may have a claim to the bankruptcy estate. 11 U.S.C. § 544. Specifically, the trustee has

> the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . . a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property

on which a creditor on a simple contract could have obtained such a judicial lien....

11 U.S.C. § 544(a)(1).

Although federal bankruptcy law confers status to the trustee, state law is applied in determining what property rights the trustee has vis-à-vis other parties. *In re Plascencia*, 354 B.R. 774, 778 (Bankr. E.D. Va. 2006) (citing *Butner v. United States*, 440 U.S. 48, 49 (1979)). In Virginia, unrecorded conveyances and deeds of trust are "void as to ... lien creditors ... until and except from the time it is duly admitted to record ...." Va. Code Ann. § 55–96(A)(1) (2003). Absent fraud, "an attaching creditor can acquire through his attachment no higher or greater rights to the property or assets attached than the defendant had when the attachment was levied...." *Seward & Co. v. Miller & Higdon*, 55 S.E. 681, 682 (Va. 1906).

In this case, Tyler argues that an acknowledgment defect of the original deed of trust voids the subsequent foreclosure deed. (Appellant's 2nd Corrected Br. 10.) Specifically, Tyler argues that because the deed of trust was not properly acknowledged in accordance with Virginia's recording statutes, it was void as a matter of law, and as a result, the foreclosure seller could not convey title based on the defective deed of trust. (*Id.*) Further, Tyler suggests that, to the extent the deed of trust was void, his rights as a hypothetical lien creditor defeat the recordation of the subsequent foreclosure deed. (*Id.*) The Court rejects each of Tyler's arguments. Each issue will be addressed in turn.

First, the Court rejects Tyler's argument regarding the acknowledgment defect because, under Virginia law, acknowledgment is a prerequisite for recordation, not to convey title. *Peatross v. Gray*, 27 S.E.2d 203, 210 (Va. 1943). It follows that a defective deed does not necessarily preclude the parties to the deed from subsequently conveying title. *Id.* The Court takes notice that, if the deed of trust were defective in this case, it would merely be an

unrecorded deed because the defect only precludes recordation. As Tyler concedes, however, an unrecorded deed of trust remains valid between the parties to the deed. *Id.* (Appellant's 2nd Corrected Br. 11.) Because the deed was still valid between the parties, despite the acknowledgement defect, the parties may subsequently convey title as parties to the deed. *Peatross*, 27 S.E.2d at 210. Therefore, the Court affirms the Bankruptcy Court's holding that Debtors' deed of trust remained valid under Virginia law as between the parties despite an acknowledgement defect.[1]

Second, Tyler cannot seek to attach a lien as a hypothetical creditor because the Court has determined that Debtors' title was validly conveyed prior the bankruptcy filing date, and § 544(a) limits the imposition of liens to liens that could be attached by creditors "at the time of the commencement" of Debtors' bankruptcy proceedings. 11 U.S.C. § 544(a). Tyler's status as a hypothetical lien creditor under § 544(a) began on the date that Debtors' bankruptcy estate commenced. Therefore, Tyler, as Trustee, cannot reach beyond that critical commencement date to exercise rights of hypothetical lien creditors. In other words, Tyler can only stand in the shoes of a creditor who hypothetically received a judicial lien on May 12, 2008—the date Debtors filed for bankruptcy. In this case, Debtors' creditor could not have attached a lien to the property on that date because LaSalle, not Debtors, possessed title. For this reason, the Court affirms the Bankruptcy Court's decision that Tyler could not attach a lien as Trustee and a hypothetical lien creditor because, as of Debtors' bankruptcy commencement date, Debtors no longer held an interest in the property to which a lien could attach.

### B. Ownit's Cross Appeal

The Court dismisses Ownit's Cross Appeal because Ownit does not have standing to

---

[1] Because the Court holds that, despite an acknowledgment defect, the deed remained valid between the parties, the Court does not decide whether the deed was in fact defective.

appeal from the Bankruptcy Court's November 29, 2010 Order.

A party must be aggrieved by the lower court's judgment to have standing. *HCA Health Servs. v. Metro. Life Ins. Co.*, 957 F.2d 120, 123 (4th Cir. 1992). "An injury in fact is required for a party to be aggrieved for purposes of being able to appeal . . . ." *Id.* at 124. A party's disagreement with the lower court's reasoning in reaching its nonetheless favorable conclusion or a mere desire for better precedent itself does not confer standing to appeal. *Id.*

Here, the Bankruptcy Court held, in its November 29, 2010 Order, that it misapplied Virginia's curative statutes to the defective deed of trust in its January 15, 2010 Order. Notwithstanding its error, the Bankruptcy Court held that Ownit prevailed because Tyler's strong-arm powers under § 544(a)(1) did not defeat the conveyance of the subsequent foreclosure deed. On cross appeal, Ownit raises an assignment of error as to the Bankruptcy Court's underlying determination that the original deed of trust was invalid under Virginia law. However, because the Bankruptcy Court held in Ownit's favor, it was not aggrieved by the Bankruptcy Court's judgment, and thus Ownit has no injury in fact to confer standing. Therefore, the Court dismisses Ownit's Cross Appeal for lack of standing.

## IV. CONCLUSION

The Court affirms the Bankruptcy Court because, under Virginia law, despite an acknowledgment defect, the deed of trust was valid between the parties, and thus title was validly conveyed following the foreclosure sale. Therefore, Debtors were divested of any property interest upon which Tyler, as a hypothetical lien creditor, could have attached a lien at the time Debtors' bankruptcy proceedings commenced, thus defeating Tyler's strong-arm avoidance powers. The Court dismisses Ownit's Cross Appeal because Ownit lacks standing to

8

appeal, as it is not aggrieved by the Bankruptcy Court's final judgment. Accordingly, it is hereby

ORDERED that the Bankruptcy Court's November 29, 2010 Order is AFFIRMED. It is further

ORDERED that Ownit's Cross Appeal is DISMISSED.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this ____ day of October, 2011.

/s/
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia
10/__ 2011

Gerald Bruce Lee
United States District Judge